DELTA LAW GROUP
A PROFESSIONAL LAW CORPORATION
JIM G. PRICE, ESQ., SBN 119324
6569 BRENTWOOD BOULEVARD
P.O. BOX 1417
BRENTWOOD, CA 94513
TELEPHONE: 925-516-4686
FACSIMILE: 925-516-4058
EMAIL: deltalawgroup@yahoo.com

Attorneys for Plaintiff
JASON GAMBLE

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON GAMBLE, an individual, | Case No. |
| Plaintiff, | **VERIFIED COMPLAINT FOR DAMAGES** |
| v. | |
| SYNCHRONY BANK, | **JURY TRIAL DEMANDED** |
| Defendant. | |

## I. INTRODUCTION

1.      Defendant made repeated telephone calls to Plaintiff's mother's cellular telephone, in connection with an attempt to collect a debt and without his consent.

2.      Defendant used automated dialing systems, and pre-recorded messages to telephone the cellular phone of Plaintiff's mother in violation of the Telephone Consumer Protection Act, and the Rosenthal Fair Debt Collection Practices Act.

3.     Plaintiff suffered physical and emotional injury, including severe and substantial emotional distress, and actual damages including but not limited to, anxiety, emotional distress, stress, frustration, loss of concentration, amongst other injuries.

4.     This is an action for damages brought by a consumer to redress the Defendant's violations of California's Rosenthal Fair Debt Collection Practices Act, Civil Code Section 1788 et seq. (hereinafter, "state act"), and related common law claims, which prohibit debt collectors from engaging in abusive, deceptive and unfair practices in their collection of consumer debts. In 2000, the California legislature incorporated most of the Federal Fair Debt Collection Practices Act (15 U.S.C. § 1692, et seq.) into the California FDCPA.  See Civil Code §1788.17.

5.     According to 15 U.S.C. § 1692:

> There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors.  Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to **invasions of individual privacy.**

## II. JURISDICTION AND VENUE

6.     Jurisdiction of this Court arises under 28 U.S.C. § 1331, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Venue in this District is proper in that Defendant transacts business here and the conduct complained of occurred here.

## III. PARTIES

7.     Plaintiff JASON GAMBLE, (hereinafter "Plaintiff") is a natural person residing in Contra Costa County in the State of California.

8.      On information and belief, Defendant SYNCHRONY BANK is a foreign business corporation doing business in California (hereinafter "SYNCHRONY") SYNCHRONY, in the ordinary course of business, regularly attempts to collect debts on its own behalf.

9.      Defendant SYNCHRONY is a "debt collector" as defined by California Civil Code § 1788.2.

10.     At all times mentioned herein, each Defendant was the agent or employee of each of the other Defendants and was acting within the course and scope of such agency or employment.  The Defendants are jointly and severally liable to the Plaintiff for their conduct. Defendants approved, authorized and/or ratified the wrongful acts and omissions herein.

11.     Any reference hereinafter to "Defendant" or "Defendants" or "SYNCHRONY", without further qualification, is meant by Plaintiff to refer to such Defendants named above.

## IV.  FIRST CAUSE OF ACTION – ROSENTHAL FDCPA

12.     Plaintiff repeats, re-alleges, and incorporates by reference all of the paragraphs above as though fully stated herein.

13.     The foregoing acts and omissions by this Defendant with respect to Plaintiff in its attempt to collect a consumer debt constitutes numerous and multiple unfair, deceptive, misleading practices made unlawful pursuant to the California Rosenthal Fair Debt Collection Practices Act, including but not limited to Civil Code §§ 1788.11(d), 1788.12(b) and 1788.17 by violating 15 U.S.C. §§ 1692b(2) and (3), 1692d and d(5).

14.     Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees and costs.

## V.  <u>SECOND CAUSE OF ACTION – INTRUSION UPON SECLUSION</u>

15.     Plaintiff repeats, re-alleges, and incorporates by reference all of the paragraphs above as though fully stated herein.

16.     The foregoing acts of Defendant as described herein constitute an invasion of the Plaintiff's privacy and an intrusion upon his right of seclusion.

17.     Plaintiff has a common law right to, and a reasonable expectation of privacy, his home and place of employment, and in regard to his private affairs.

18.     Defendant's abusive and improper collection practices in the collection of this debt constituted a substantial invasion upon Plaintiff's seclusion and privacy, and would be highly offensive to a reasonable person.

19.     Defendant intended to cause emotional distress and/or engaged in reckless disregard of the probability of causing Plaintiff's emotional distress.

20.     As a proximate result of Defendant's conduct, Plaintiff has suffered damages in an amount to be determined by proof and a finder of fact at trial.

21.     Defendant acted with oppression, fraud, and/or malice, thereby entitling Plaintiff to punitive damages in an amount according to proof and a finder of fact at trial.

## VI.  <u>THIRD CAUSE OF ACTION – NEGLIGENCE</u>

22.     Plaintiff repeats, re-alleges, and incorporates by reference all of the paragraphs above as though fully stated therein.

23.     Defendant's outrageous, abusive and intrusive acts as described herein constituted negligent infliction of emotional distress.

24.     Plaintiff suffered (1) serious emotional distress, (2) actually and proximately caused by (3) wrongful conduct (4) by a defendant who should have foreseen that the conduct would cause such distress.

25.     Defendant's conduct as described herein was wrongful conduct in that the Defendant conducted its business in an abusive, oppressive, and harassing manner.

26.     Defendant's actions and omissions as described herein constitute negligence in that Defendant owed Plaintiff a duty of reasonable care in the collection of the alleged debt, and use of the telephone in an attempt to collect such debts, said duties were breached, and said breach was the proximate cause of damages suffered by Plaintiff.

27.     Defendant owed a duty to refrain from outrageous and unlawful calls in connection with its attempts to collect a debt.

28.     Defendant's actions and omissions demonstrate a conscious disregard of the rights or safety of others, and constitute despicable conduct that subjected Plaintiff to cruel and unjust hardship in conscious disregards of his rights.

29.     Plaintiff suffered damages due to Defendant's actions in an amount to be determined at trial.

30.     Plaintiff is entitled to punitive damages for the actions and omissions of the Defendant as described herein.

## VII.  FOURTH CAUSE OF ACTION – NEGLIGENT TRAINING AND SUPERVISION

31.     Plaintiff incorporates by reference the above paragraphs as though fully stated herein below.

32.     Defendant negligently trained and supervised its employees and agents as to the performance of their job duties

and as a result of such negligent instruction and supervision, the employees/agents while carrying out their job duties caused injury and damage to Plaintiff.

33.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages in an amount to be determined at trial.

34.     Defendant acted with oppression, and/or malice, thereby entitled Plaintiff to punitive damages in an amount to be determined at trial.  Defendant acted in a despicable manner and acted with a conscious disregard to the rights of Plaintiff.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.     Statutory and actual damages pursuant to California Civil Code § 1788 et seq.;

B.     Costs and reasonable attorney's fees pursuant to Civil Code § 1788 et seq.;

C.     Actual and punitive damages;

D.     For such other and further relief as may be just and proper.

DATED:  April 30, 2015                    Respectfully submitted,

                                          DELTA LAW GROUP


                                          BY: _____
                                              JIM G. PRICE
                                              Attorneys for Plaintiff
                                              JASON GAMBLE

///

///

///

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

DATED:  April 30, 2015

DELTA LAW GROUP

BY: _____

JIM G. PRICE
Attorneys for Plaintiff
JASON GAMBLE

1

## VERIFICATION

2

3       I, JASON GAMBLE, declare:

4       I am the Plaintiff in this action.  I have read the foregoing document entitled:  **VERIFIED**

5   **COMPLAINT FOR DAMAGES** and know the contents thereof.  The same is true of my own

6   knowledge, except as to those matters stated therein on information and belief, and as to those

7   matters I believe them to be true.

8       I declare under penalty of perjury under the laws of the State of California that the foregoing

9   is true and correct.

10      Executed on this 13ᵗʰ day of April, 2015, at Brentwood, California.

11

12

13                                                    _____
                                                      JASON GAMBLE

14

15

16

17

18

19

20

21

22

23

24

25